UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSTAFA TAHA,<br>Plaintiff,<br>v.<br>CALIFORNIA DEPARTMENT OF TRANSPORTATION,<br>Defendant. | No. 2:26-cv-1540 TLN AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff paid the filing fee and is proceeding in this matter pro se; pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Defendant filed a motion to dismiss this case. ECF No. 6. Plaintiff opposed the motion. ECF No. 8. Defendant filed a reply. ECF No. 10. Oral argument was held before the undersigned on August 19, 2026. For the reasons set forth below, the motion to dismiss should be GRANTED, but plaintiff should be granted leave to amend.

## I. Background

### A. The Complaint

Plaintiff Mustafa Taha is suing the California Department of Transportation ("Caltrans") for retaliation, disability discrimination, and failure to accommodate in violation of Title VII of

the Civil Rights Act of 1965 and Titles I and V[1] of the Americans with Disabilities Act ("ADA"). ECF No. 1 at 3. Plaintiff began employment with Caltrans in 2019. Id. at 6. On or about January 16, 2025, plaintiff was promoted to Transportation Engineer, subject to a twelve-month probationary period. Id. On April 24, 2024, plaintiff engaged in protected activity by submitting a workplace-violence complaint email concerning his project manager, sending a carbon copy to plaintiff's first-line supervisor. Id. at 7. Thereafter, Caltrans issued a pattern of retaliatory conduct including denial of 64 hours of Civil 3D and MicroStation training courses, withdrawal of supervisory support, and disregard of plaintiff's health and safety concerns. Id. at 7-8.

In September of 2024, plaintiff disclosed his medical condition to his second-line supervisor and requested an investigation, support, and reasonable accommodation. Id. at 8. Caltrans offered plaintiff a leave of absence under the Family and Medical Leave Act, which plaintiff declined because it was unpaid and failed to address his work-related medical condition. Id. Instead, plaintiff requested evaluation and treatment by a workers' compensation physician. Id. Plaintiff's workers' compensation physician recommended a work-from-home accommodation. Id. Caltrans refused to implement this recommendation. Id.

Instead of providing a reasonable accommodation, Caltrans recharacterized plaintiff's disability-related symptoms as misconduct and/or performance issues. Id. at 8-9. Caltrans escalated its retaliatory conduct by relying on plaintiff's disability related symptoms as pretextual grounds for adverse action, including plaintiff's probationary rejection. Id. at 9. At a State Personnel Board proceeding in May of 2025, Caltrans presented a falsified version of plaintiff's April 24, 2024 workplace violence complaint, which removed plaintiff's supervisor from the CC line. Id. at 4. Plaintiff's direct supervisor testified under oath that he had no knowledge of the

---

[1] Although plaintiff does not expressly identify the titles under which his ADA claims are filed, his Second Cause of Action alleges retaliation in violation of the ADA. This claim falls under Title V, which prohibits an employer from retaliating against individuals reporting disability discrimination. 42 U.S.C. § 12203. Plaintiff's Third Cause of Action asserts discrimination in violation of the ADA, and his Fourth Cause of Action asserts failure to accommodate in violation of the ADA. These claim fall under Title I, which prohibits an employer from discriminating against and/or failing to accommodate qualified individuals with disabilities in regard to employment (42 U.S.C. §§ 12111, 12112).

complaint, even though he was a direct recipient of the original email. Id. On January 10, 2025, Caltrans rejected plaintiff during probation, providing a pretextual rationale. Id. at 10.

Plaintiff brings four causes of action. First, plaintiff seeks relief for retaliation in violation of Title VII. Id. at 10. Plaintiff's remaining claims are for violations of the ADA. Id. at 10-11. Plaintiff seeks declaratory, injunctive, and monetary relief to remedy Caltrans' violations of federal law and prevent future violations. Id. 10-15. Plaintiff filed a complaint with the Equal Employment Opportunity Commission and was issued a right to sue letter on January 26, 2026. Id. at 5

B. Motion to Dismiss

Defendants move to dismiss on two grounds: (1) a workplace violence complaint is not protected activity under Title VII; and (2) plaintiff's ADA claims are barred by the Eleventh Amendment. ECF No. 6 at 3.

## II. Analysis

A. Legal Standards Governing Motions to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Plaintiff Does Not State a Title VII Claim

Plaintiff's first cause of action for retaliation under Title VII must be dismissed because plaintiff did not engage in a protected activity covered by Title VII. To state a prima facie claim of retaliation under Title VII a plaintiff must show he: "(1) engaged in protected activity, (2) suffered an adverse employment action, and (3) there was a causal link between the protected activity and the employer's action." Gonzales v. City of Martinez, 638 F.Supp.2d 1147, 1159 (N.D. Cal. 2009). A protected activity under Title VII is either (1) participating in a hearing or proceeding concerning an unlawful employment practice, or (2) opposing an employment

practice unlawful under Title VII. 42 U.S.C. § 2000e-3. Title VII prohibits covered entities from engaging in unlawful employment practices because of an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)-(d). It does not address other workplace issues.

Here, plaintiff fails to state a retaliation claim under title VII because he does not allege a protected activity. Plaintiff does not plead that any action he undertook was related to race, color, religion, sex, or national origin. The allegedly protected activities plaintiff identifies in the complaint are: (1) submitting a workplace violence complaint, and (2) disclosure of a medical condition with a request for accommodation. ECF No. 1, at §VII, subds. B, E. Neither of these activities fall within the scope of Title VII. Accordingly, this claim must be dismissed.

However, at the August 19, 2026 hearing, plaintiff indicated that he may be able to provide facts to state a Title VII claim based on discrimination or disparate treatment on the basis of race and/or national origin. Accordingly, plaintiff should be granted leave to amend as to this claim. For plaintiff's benefit on amendment, the court notes that to state a claim of race or national origin discrimination under Title VII a plaintiff must allege: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside of his protected class were treated more favorably, or other circumstances surrounding the adverse action give rise to an inference of discrimination. Peterson v. Hewlett–Packard Co., 358 F.3d 599, 603 (9th Cir. 2004) (citation omitted); Lyons v. England, 307 F.3d 1092, 1112–14 (9th Cir. 2002).

C. Plaintiff's ADA Claims against Caltrans are Barred by the Eleventh Amendment

Plaintiff's claims brought pursuant to the ADA must be dismissed because State employers, like Caltrans, are immune from suits based on Title I and Title V of the ADA, pursuant to the Eleventh Amendment. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 373 (2001) (Title I), extended to Title V claims by Demshki v. Monteith, 255 F.3d 986, 988 (9th Cir. 2001). In his opposition plaintiff argues that he can maintain a suit under the Ex Parte Young exception[2] to Eleventh Amendment immunity. ECF No. 8 at 5. The Garrett court

[2] Ex Parte Young, 209 U.S. 123 (1908).

addressed Ex Parte Young, explaining that an ADA plaintiff may seek prospective injunctive relief under the Ex Parte Young doctrine by naming the appropriate state official as a defendant. against an individual state official. Plaintiff accordingly requests leave to amend to name a new defendant. At the hearing, plaintiff indicated that the prospective relief he seeks is reinstatement.

The Ex Parte Young exception does not prevent dismissal of the complaint as presently pleaded against Caltrans. However, leave to amend is appropriate to allow plaintiff to add a new defendant. A neighboring circuit has held that for a suit against a state official to proceed under the Ex Parte Young exception to Eleventh Amendment immunity, three criteria must be satisfied: (1) plaintiff must name individual state officials as defendants in their official capacities; (2) plaintiff must allege an ongoing violation of federal law; and (3) the relief sought must be properly characterized as prospective. Healthy Vision Association v. Abbott, 138 F.4th 385 (5th Cir. 2025). Courts in this District have allowed amendment in similar contexts, where plaintiffs seek to sue state officials in their official capacity under the ADA for relief properly characterized as prospective. See, e.g., Kitchen v. Lodi Unified Sch. Dist., 2:14-cv-01436 WBS, 2014 WL 5817320, at *6 (E.D. Cal. Nov. 5, 2014). Plaintiff should be provided an opportunity to name an individual defendant in his or her official capacity in an attempt to bring his ADA claim within the scope of the Ex Parte Young doctrine.

### III. Leave to Amend

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4 200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

////

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading to make plaintiff's amended complaint complete. An amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556 57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**IV. Pro Se Plaintiff's Summary**

It is recommended that your current complaint be dismissed, but that you be given an opportunity to file an amended complaint that fixes the problems identified in these recommendations. If you disagree with these recommendations, you may file objections within 21 days. The District Judge will make the final decision. Do not file an amended complaint until you have a final decision from the District Judge.

////

## V. Conclusion

Accordingly, it is RECOMMENDED that defendant's motion to dismiss (ECF No. 6) be GRANTED and that the complaint be dismissed. It is further recommended that Plaintiff be given leave to file an amended complaint within 30 days of a final order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: September 30, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE